Gkeen, J.
delivered the opinion of the court.
This is an action of ejectment, and the principal question is, whether a deed from Edward Delozier to Asa Delozier, for the land sued for, is void for champerty.
A grant for two hundred acres was issued to Edward Delozier, the 29th of January, 1827, and he conveys the same land to Asa Delozier, the 8th of August, 1834. At that time Pickens, who owned an adjoining tract, was in possession of a few acres of the land so conveyed, claiming it as part of his tract. Subsequently he extended his field and took in a larger quantity of Delozier’s land, and on the 8th September, 1835, he entered a tract of three hundred acres adjoining his other tract, and including his said improvements. For the land so entered, he obtained a grant the 23d of October, 1837.
Upon these facts, th$ question is, whether the deed from Edward to Asa Delozier is void for champerty, and if it be, to what extent?
The possession of part of a tract of land, claiming to the extent of certain boundaries described in the written assurance, by virtue of which the same is held, (whether it purport to convey a legal or equitable title,) is possession to the extent of the boundaries therein described. A sale and conveyance of such tract of land, or any part thereof, by a person not in possession, or who has not received the rents and profits thereof for one whole year preceding such sale, is by the act of 1821, ch. 66, sec. 1, utterly void.
But if a party in possession of land, have no written assurance, legal or equitable, describing the boundaries to which he claims, but is a mere naked trespasser, having nothing to define the extent of his possession, but his enclosures, houses, &c., he is not in possession of any land beyond those enclosures, houses, &c. Dyche vs. Gass, 3 Yer. Rep. So, if the tract of land, of which he is in possession, by virtue of a deed or other assurance of title, extended beyond one of the lines of an adjoining tract and include part thereof, there is no possession of such adjoining tract beyond the part so included, or which may be actually occupied by enclosures. .
*402 If, therefore, the adjoining tract be sold and conveyed by a person, not having possession thereof, the deed is void, only for so much of the land so conveyed, as may be included in the lines of a tract actually possessed, or which may be occupied by enclosures, but for the remaining portion of the land so conveyed, it is valid.
From this statement it follows, that Pickens’ possession of the two hundred acre tract did not extend beyond the boundary of the George Snider tract, of which he was in possession, unless at the date of the conveyance to Asa Delozier, Pickens actually had enclosed and occupied any land beyond the lines of his George Snider tract. In either of which cases, Edward Delozier’s deed to Asa, is void for such part only as was thus occupied, or included in the lines of the George Snider'tract, and it is good for the remainder.
As the charge of the court to the jury is substantially in accordance with these views, there is no error" in this record, and the judgment must be affirmed.